**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4306**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORETTA JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:18-cr-00078-MGL-2)

Submitted:  February 20, 2020                    Decided:  March 9, 2020

Before MOTZ, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elizabeth A. Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, T. Dewayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Joretta Jackson with corruptly endeavoring to obstruct and impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a) (2018), by attempting to pass two fraudulent checks to discharge her tax liability. On appeal, Jackson contends that insufficient evidence supports her convictions and, thus, the district court erred in denying her motion for judgment of acquittal. We affirm.

"We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.), *cert. denied*, 139 S. Ct. 238 (2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the Government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (brackets and internal quotation marks omitted). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

The Supreme Court recently clarified what the Government must prove to establish a violation of 26 U.S.C. § 7212(a) in *Marinello v. United States*, 138 S. Ct. 1101 (2018). The Court held that the obstructive conduct must relate "to specific interference with targeted governmental tax-related proceedings, such as a particular investigation or audit."

2

*Id.* at 1104. Thus, in order "to secure a conviction . . . the Government must show (among other things) that there is a nexus between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action. That nexus requires a relationship in time, causation, or logic with the [administrative] proceeding." *Id.* at 1109 (internal quotation marks omitted). The Court cautioned that "routine, day-to-day work carried out in the ordinary course by the IRS, such as the review of tax returns," does not count as an administrative proceeding. *Id.* at 1110. "In addition to satisfying this nexus requirement, the Government must show that the proceeding was pending at the time the defendant engaged in the obstructive conduct or, at the least, was then reasonably foreseeable by the defendant." *Id.*

We conclude that sufficient evidence supports Jackson's conviction. Here, the IRS was not simply reviewing Jackson's tax returns. Instead, it conducted a years-long investigation in an attempt to ascertain the exact amount Jackson owed after she filed fraudulent tax returns for 2006 and 2007. Additionally, there was regular communication between Jackson and the IRS leading up to Jackson's attempt to discharge her tax liability through the use of fraudulent checks. Although the IRS informed Jackson in a July 2014 letter that her case was closed, it also warned Jackson that the IRS could reinitiate proceedings if it determined that Jackson could pay the debt. Moreover, Jackson knew that there was a particular proceeding pending, as evidenced by her actions to prevent a lien from being placed on her assets months before she passed the fraudulent checks. And even if she was unaware specifically there was an investigation, the evidence was sufficient to allow the jury to conclude that an investigation was reasonably foreseeable. *See United*

3

*States v. Miner*, 774 F.3d 336, 346 (6th Cir. 2014) ("Once the defendant knows that the IRS's interest in a given taxpayer (…) has been piqued in a manner that is out of the ordinary, any attempt to corruptly impede the IRS's inquiries into the taxpayer after that point is potentially criminal."). Moreover, the checks had a direct nexus to the investigation, as Jackson attempted to pass them to discharge her tax liability.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*